## Commonwealth v. Hoffman.

*Liquor law—Sale without license—Evidence—Criminal law.*

A conviction on an indictment against a keeper of a hotel who is not a licensed liquor dealer, for an unlawful sale of liquor, cannot be sustained where the Commonwealth fails to show that the sale was made by a person in some way connected with the hotel, or at the bar, or at some particular place in the hotel.

Motion for arrest of judgment. Q. S. Cambria Co., June Sess., 1922, No. 81.

*Clarence E. Davis,* for Commonwealth.

*John H. Stephens* and *Walter E. Glass,* for defendants.

REED, P. J., specially presiding, Nov. 13, 1922.—The defendant was indicted for a violation of the liquors laws, the jury was impaneled and sworn, and the Commonwealth called certain witnesses upon whose testimony it relied for conviction. After the Commonwealth had produced all its testimony, counsel for the defendant moved the court to direct a verdict for the defendant on the ground that the Commonwealth had failed to show that the person from whom the samples analyzed by William Oppy were purchased was a bartender or employee of Herman H. Hoffman, the defendant, and he, not being a licensed dealer, it was incumbent upon the Commonwealth to show that this particular sale was made with his knowledge and consent and at his direction. This motion was denied, and the defendant rested his case without offering any testimony, whereupon the case was submitted to the jury upon the evidence of the Commonwealth, and the jury returned the following verdict: "We, the jurors impaneled in the above entitled case, find the defendant guilty in manner and form as indicted."

Commonwealth v. Hoffman.

The attorneys for the defendant moved for a new trial and arrest of judgment, and filed several reasons in support of their motion, which they urge are sufficient to move the court to arrest judgment or grant a new trial. The last reason filed is as follows: "The Commonwealth failed to offer any competent evidence sufficient to justify the jury in finding beyond a reasonable doubt that the defendant sold malt or brewed liquors containing alcohol as alleged in the bill of indictment." This reason is the only one that has caused the court any trouble in this case, and in order to determine that question, it was necessary to study most carefully all of the evidence which the Commonwealth submitted at the time of the trial.

Several witnesses were called on the part of the Commonwealth, who testifind that the defendant kept a hotel, and in this hotel they purchased what they called near beer, amber water and ginger nip, but none of these witnesses testified that any of these drinks contained alcohol, and, therefore, so far as their testimony is concerned, it only shows that the defendant kept a place where he sold drinks of some kind, but that would not be sufficient evidence upon which the Commonwealth could ask and sustain a conviction.

There was one witness, however, namely, Bryan Wilkins, who testified that he had gone to the hotel conducted by the defendant with a Mr. Mueller. He further testified as follows: "Q. When? A. On or about Feb. 4th. Q. What was bought? A. Beer. Q. Do you know what was paid for it? A. I do not. Q. How was it bought? A. Two bottles. Q. State whether or not these are the bottles which were bought by Mr. Mueller? A. They look like the bottles, but I can't identify them. Q. Who was with you when Mr. Mueller bought these two bottles? By the court: Q. Who was there when you bought the beer? A. Mr. Mueller was along. I didn't buy it; Mr. Mueller bought it." Mr. Wilkins further testified that he took the two bottles which were purchased in this hotel and gave them to Mr. Oppy, a chemist, who was called on the witness-stand, identified the bottles, said he had analyzed the contents, and that they contained alcohol. It will be noted, however, in reading over this testimony, that this witness, Wilkins, does not say from whom Mueller purchased the two bottles which he gave Oppy and which showed from the analysis that they contained alcohol, nor in what part of the hotel he was when they were purchased, and counsel for the defendant contends that the burden was on the Commonwealth to show that this beer, which contained alcohol, was either purchased from Hoffman or from his bartender, or some one who was in authority in and about the place to sell the same.

We believe that this position is good, as it is a rule of law too well known to be discussed that the burden is on the Commonwealth to make out its case beyond a reasonable doubt that the defendant is either guilty or responsible in some manner for the crime for which he is indicted, and we believe it would be going too far to hold that where one goes into a man's hotel and purchases liquor containing alcohol from some one in the building, without at least showing that the person from whom he purchased the liquor was in some way identified with the hotel, and without showing that it was bought at the bar or in what particular place in the hotel the liquor was purchased, the proprietor of said hotel could be held for violating the liquor laws.

The court, therefore, believing that the Commonwealth failed to offer any competent evidence to justify the jury in finding beyond a reasonable doubt that the defendant sold malt or brewed liquors as alleged in the bill of indictment, sustains the motion for arrest of judgment, and the defendant is discharged and relieved of his recognizances.

From H. W. Storey, Jr., Johnstown, Pa.